BILLY J. WILLIAMS
United States Attorney
STEPHEN ODELL
Assistant United States Attorney
District of Oregon
600 United States Courthouse
1000 S.W. Third Avenue
Portland, OR 97204-2902
(503)727-1000 (Tel.)

JEFFREY H. WOOD, Acting Assistant Attorney General
JESSICA M. HELD, Trial Attorney (VA Bar #73023)
SARAH IZFAR, Trial Attorney (DC Bar #1017796)
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611 (regular mail)
601 D Street, N.W. (overnight)
Washington, DC 20044-7611
(202) 305-0490 (Tel.)
Email:  sarah.izfar@usdoj.gov

*Attorneys for Federal Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| **AUDUBON SOCIETY OF PORTLAND**, an Oregon non-profit corporation, **OREGON WILD**, an Oregon non-profit corporation, and **WATERWATCH OF OREGON**, an Oregon non-profit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **RYAN ZINKE**, in his official capacity as Secretary of United States Department of Interior; **JIM KURTH**, in his official capacity as Acting Director of United States Fish and Wildlife Service; and the **UNITED STATES FISH AND WILDLIFE SERVICE**, a federal agency of the United States Department of the Interior, <br><br> Defendants. | Case No. 1:17-CV-00069-CL (lead) Case No. 1:17-cv-00098-CL (trailing) Case No. 1:17-cv-00468-CL (trailing) Case No. 1:17-cv-00531-CL (trailing) <br><br> **FEDERAL DEFENDANTS' MOTION FOR AN ORDER DIRECTING RETURN OF AN INADVERTENTLY RELEASED DOCUMENT AND MEMORANDUM IN SUPPORT** |

**FEDERAL DEFENDANTS' MOTION FOR AN ORDER DIRECTING THE RETURN OF AN INADVERTENTLY RELEASED DOCUMENT**

Pursuant to Local Rule 7, the Federal Defendants move the Court for an order directing Plaintiffs to return an inadvertently disclosed, privileged document.  Federal Defendants further request that this Court find that the disclosure of this document was inadvertent, that Federal Defendants have not waived any privilege, and that Federal Defendants are authorized to file a redacted version of the document for inclusion in the Second Corrected Administrative Record and a revised privilege log. The Federal Defendants have conferred with Plaintiffs via email correspondence, and have not been able to come to an agreement with Audubon, et al., Center for Biological Diversity, and Western Watersheds Project for return or destruction of the subject document.

**MEMORANDUM IN SUPPORT**

**I.    Background**

In this action, Plaintiffs challenge the U.S. Fish and Wildlife Services' ("FSW") issuance of the Final Comprehensive Conservation Plan ("CCP") and Final Environmental Impact Statement ("FEIS") for the Lower Klamath, Upper Klamath, Tule Lake, Clear Lake, and Bear Valley National Wildlife Refuges ("Klamath Basin Complex") under the Administrative Procedure Act ("APA"), 5 U.S.C. §706, and bring other related claims.

Because this is an action brought pursuant to the APA, Federal Defendants compiled and certified an administrative record that contains the documents directly or indirectly considered by the decision maker in issuing the decision Plaintiffs challenge.  On January 11, 2018, the Federal Defendants lodged the Second Corrected Administrative record ("AR"). ECF No. 82. In this record and the previously filed versions, the Federal Defendants inadvertently failed to redact attorney-client privileged information in the second paragraph of comment TM25 in track changes on page AR050198 of a draft entitled "Revised Kuchel Act Interpretation paper."  AR05140. [1] This seventy-

---

[1] This comment was similarly inadvertently disclosed without redaction despite inclusion of the document on the privilege log in the initial Administrative Record (May 31, 2017) at AR040156

page document contained eight comments in track changes that were properly redacted on account of containing attorney-client privileged information, and was accordingly placed on the privilege log that was filed with the Court. ECF No. 82-3. The second paragraph of the comment TM25 contained a restatement by Tim Mayer, an FWS supervisory hydrologist, of legal advice regarding the interpretation of the Kuchel Act provided by Solicitor's Office attorneys Steve Palmer and Barbara Scott-Brier. This comment was inadvertently disclosed in the AR, without redaction, despite the document's inclusion on the privilege log.

II.    **The Inadvertently Disclosed Document is Protected From Disclosure by the Attorney Client Privilege**

   A.    **Standards Applicable to Attorney-Client Privilege**

The attorney-client privilege protects confidential communications between an attorney and client made for the purpose of obtaining and giving legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). It is one of the oldest recognized privileges.  *Id.* The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* It applies equally to attorney-client relationships within the government, in which the agency is the client and the government attorney is counsel.  *See In re Cnty. Of Erie*, 473 F.3d 413, 419 (2d Cir. 2007) (citation omitted); *Ariz. Rehab. Hosp., Inc. v. Shalala*, 185 F.R.D. 263, 269 (D. Ariz. 1998) ("Courts have applied this privilege to communications between government agencies and their counsel. . . .").[2]

The attorney-client privilege applies under the following circumstances: "(1) where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the

---

and in the Corrected Administrative Record (September 11, 2017) at AR 000157.  *See* ECF No. 40-3 and 57-3 (privilege logs of prior versions of the AR).

[2] Courts have noted that the attorney-client privilege applies "with special force" in the government context.  *See Modesto Irrigation Dist. v. Gutierrez*, 1:06-CV-00453 OWWDLB, 2007 WL 763370 (E.D. Cal. Mar. 9, 2007) (citing *Erie,* 473 F.3d at 419).

communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection is waived." *Matter of Fischel*, 557 F.2d 209, 211 (9th Cir. 1977) (citation omitted). The party asserting the privilege carries the burden of establishing that the protection applies. *Id*.

Protected communications include, *inter alia*: confidential communications made by a client to an attorney to obtain legal services, *see United States v. Olano*, 62 F.3d 1180, 1205 (9th Cir. 1995); legal advice given in the course of representing the client, *see United States v. Bauer*, 132 F.3d 504, 509-09 (9th Cir. 1997); facts divulged by a client to his attorney in order to put the attorney in a position to render legal advice, *see Upjohn*, 449 U.S. at 391; and correspondence or statements from the attorney that "reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law . . . ." *Olano*, 62 F.3d at 1205.

## B.  The Inadvertently Disclosed Document is Protected Under the Attorney-Client Privilege

The inadvertently disclosed comment is legal advice provide by attorneys of the Solicitor's Office to employees of the FWS. "In the governmental context, the 'client' may be the agency and the attorney may be an agency lawyer." *Tax Analysts v. IRS*, 117 F.3d 607, 618 (D.C. Cir. 1997); *Ariz. Rehab. Hosp.*, 185 F.R.D. at 269.  Here, that is the case:

> Both the DOJ and the Solicitor's Office are in attorney-client relationships with Interior—DOJ is Interior's trial counsel in this litigation and the Solicitor's Office is Interior's general counsel. This observation entails the conclusion that both DOJ and the Solicitor's Office are in attorney-client relationships with each of Interior's bureaus, divisions, offices, officials, and employees. . . . the Office of the Assistant Secretary of the Interior for Indian Affairs [is a client of] Interior's Office of the Solicitor.

*Cobell v. Norton*, 377 F. Supp. 2d 4, 9 (D.D.C. 2005). In this situation, the inadvertently disclosed comment contains an FWS's employee's recitation of advice provided to him by Solicitor's Office

attorneys regarding the interpretation of the Kuchel Act in a draft document that was provided to Solicitor's Office attorneys for comment.

By these terms, the comment qualifies for the privilege on its face as legal advice given by the Solicitor's Office in the course of representing the client, the FWS, s*ee Bauer*, 132 F.3d at 508-09, and as attorney comments on drafts shared with attorneys for legal review. *See Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603, 607-08 (D. Nev. 2005); *re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1037 (2d Cir. 1984). Accordingly, the Court should uphold the assertion of the attorney-client privilege for this document.

**III.    The Inadvertently Disclosed Document Should be Returned Pursuant to Federal Rule of Evidence 502(b)**

**A.  Standard for Return of Inadvertently Released Privileged Documents**

Federal Rule of Evidence 502(b) provides:
Inadvertent Disclosure.  When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
(1) the disclosure is inadvertent;
(2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
(3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed. R. of Evid. 502(b). Rule 502 applies because the inadvertent disclosure in this case occurred as part of the production of an administrative record in an action pursuant to the APA, which is thus a disclosure "made in a federal proceeding. . . ." *Id.* One of the main purposes of Rule 502 is to "resolve[ ] some longstanding disputes in the courts . . . involving inadvertent disclosure and subject matter waiver"; the rule therefore seeks "to provide a [reasonable], uniform set of standards under which parties can determine the consequences of a disclosure of a communication or information." Fed. R. Evid. 502 advisory committee note (2007). When Congress enacted Rule 502, it provided that "[t]he amendments made by this Act shall apply in all proceedings commenced after the date of enactment of this Act…."  *See* Pub.L. No. 110–322, § 1(c), 122 Stat. 3537, 3537–38.  .

5

FEDERAL DEFENDANTS' MOTION FOR AN ORDER DIRECTING THE RETURN OF AN INADVERTENTLY RELEASED DOCUMENT

### B.  The Court Should Order Plaintiffs To Return the Inadvertently Disclosed Document

Rule 502(b) by its terms applies to inadvertent releases of protected attorney work product and attorney-client communications, such as the document at issue.  In this case, the disclosure of the document does not operate as a waiver of the attorney-client privilege under 502(b) because the disclosure was inadvertent, Federal Defendants took reasonable steps to prevent disclosure, and Federal Defendants promptly took steps to rectify the error.

First, the privileged comment was not purposefully included in the administrative record. The draft document as a whole was included on all versions of the Federal Defendant's privilege log, and numerous redactions of attorney-client privileged comments to the draft were redacted prior to production.  Despite the Federal Defendants best efforts, which are discussed below, in the months-long process of compiling an administrative record of over 122,041 pages, the subject comment was inadvertently disclosed without redaction.

Second, Federal Defendants took reasonable steps to prevent the disclosure of privileged documents in this case.  The materials were reviewed by a Solicitor's Office attorney for determination of privilege and were subsequently redacted.  These documents that were either determined to be privileged or containing privileged information were then disclosed on a privilege log.  This document was correctly placed on the privilege log, but it appears that during the redaction process, the subject comment was inadvertently disclosed without redaction.

Third, Federal Defendants promptly took reasonable steps to rectify the error.  Counsel for the Federal Defendants was unaware of this inadvertent disclosure until notified by Audubon et al.'s counsel on February 7, 2018.  *See* Ex. A (Email chain between Jessica Held, DOJ attorney, and Maura Fahey, Crag Law Center attorney).  On February 9, 2018, counsel for the United States

FEDERAL DEFENDANTS' MOTION FOR AN ORDER DIRECTING THE RETURN OF AN INADVERTENTLY RELEASED DOCUMENT

responded that the Federal Defendants were working to address this issue.  After consultation with the Solicitor's Office and with appropriate DOJ management, counsel for the Federal Defendants informed Ms. Fahey on February 21, that the un-redacted comment had been inadvertently disclosed.  *Id.*  That same day, counsel for the Federal Defendants notified counsel for the Center for Biological Diversity, Western Watersheds Project, and Tule Lake Irrigation District, et al. about this inadvertent disclosure, and requested that the Plaintiffs' delete page containing the privileged information, and replace with a redacted version of the page.  *See* Ex. B (Email chain beginning February 21, 2018).  Counsel for Federal Defendants received responses from all Plaintiffs by March 1, 2018 and informed Plaintiffs of their intent to file this motion.[3]  *Id.*

## VI.    Conclusion

Based on the foregoing, Federal Defendants' have invoked of the attorney-client privilege, and respectfully request an order compelling Plaintiffs to return and/or delete the inadvertently disclosed, privileged document.  Federal Defendants further request that this Court find that the disclosure of this document was inadvertent, that Federal Defendants have not waived any privilege, and that Federal Defendants will be allowed to file a redacted version of this document for inclusion in the Second Corrected Administrative Record.

Respectfully submitted this 14th day of March, 2018,

*s/ Jessica M. Held*

BILLY J. WILLIAMS

---

[3] During the drafting of this motion, the FWS determined that in response to the March 9, 2017 Freedom of Information Act ("FOIA") request from the Crag Law Center, the FWS inadvertently released the subject document without redacting comment TM25. The FWS had previously released the properly redacted version of the document in response to Crag Law Center's February 16, 2016 FOIA request on May 23, 2016. The FWS will be sending a letter informing the Crag Law Center that the un-redacted document released in response to the March 9, 2017 request was exempt from release as attorney-client communication under Rule (b)(5) of FOIA.

FEDERAL DEFENDANTS' MOTION FOR AN ORDER DIRECTING THE RETURN OF AN INADVERTENTLY RELEASED DOCUMENT

United States Attorney
STEPHEN ODELL
Assistant United States Attorney
District of Oregon
600 United States Courthouse
1000 S.W. Third Avenue
Portland, OR 97204-2902
(503) 727-1000 (phone)
JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

Jessica M. Held, VA Bar # 73023
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street, NW, Room 3144
Washington, D.C. 20004
Tel: (202) 305-0575
Jessica.Held@usdoj.gov

*Attorneys for Federal Defendants*

FEDERAL DEFENDANTS' MOTION FOR AN ORDER DIRECTING THE RETURN OF AN INADVERTENTLY
RELEASED DOCUMENT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2018 I filed the foregoing document electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

_/s/ Jessica Held_
Jessica Held
Attorney for Federal Defendants

FEDERAL DEFENDANTS' MOTION FOR AN ORDER DIRECTING THE RETURN OF AN INADVERTENTLY RELEASED DOCUMENT