Paul D. Ruprecht (OSB #132762)
Western Watersheds Project
PO Box 12356
Reno, NV 89510
(208) 421-4637
paul@westernwatersheds.org

David H. Becker (OSB #081507)
Law Office of David H. Becker, LLC
833 SE Main Street # 302
Portland, Oregon 97214
(503) 388-9160
davebeckerlaw@gmail.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>　　　　Defendant,<br><br>MICHAEL BYRNE, et al.,<br><br>　　　　Defendant-Intervenors. | Case No.: 1:17-cv-00069-CL (lead)<br>Case No.: 1:17-cv-00098-CL (trailing)<br>Case No.: 1:17-cv-000468-CL (trailing)<br>Case No.: 1:17-cv-000531-CL (trailing)<br><br>**WESTERN WATERSHEDS PROJECT'S RESPONSE IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR AN ORDER DIRECTING RETURN OF AN INADVERTENTLY RELEASED DOCUMENT** |

Western Watersheds Project (WWP) respectfully opposes federal defendants' Motion for an Order Directing the Return of an Inadvertently Released Document ("Motion," ECF No. 86). The Motion seeks to replace AR 050198 from the Second Corrected Administrative Record (and earlier-lodged versions of the same document) with a page that redacts the last three sentences of comment TM25 on that page. Motion at 2–3, 7. Federal defendants have not borne their burden of proving that these three sentences were expressed in confidence by the client—commenter Tim Mayer, a U.S. Fish & Wildlife Service (FWS) supervisory hydrologist—or intended by him to be confidential. The attorney-client privilege therefore does not apply. Federal defendants also have waived any privilege by disclosing the unredacted comment in response to a Freedom of Information Act (FOIA) request. WWP incorporates by reference the opposition memoranda submitted by plaintiffs Audubon Society of Portland *et al*. and Center for Biological Diversity.

I.  **Background.**

WWP challenges FWS's adoption of the Final Comprehensive Conservation Plan and Environmental Impact Statement (CCP/EIS) for the Klamath National Wildlife Refuges. As part of the CCP/EIS, FWS issued Appendix M, which interprets the interplay between the Kuchel Act and Refuge management. AR 004486. FWS issued Appendix M because, "[p]rior to developing alternatives, [FWS] needs to articulate its interpretation of the Kuchel Act," and because, according to FWS, "[p]roper interpretation of legal mandates guiding refuge management is key to developing management alternatives during the CCP process . . . ." AR 004492.

WWP's complaint alleges that the agency's interpretation of the Kuchel Act improperly foreclosed certain alternatives from consideration under the National Environmental Policy Act (NEPA): "In response to WWP's comments on the [Draft Environmental Impact Statement] asserting that the Service must consider reducing or eliminating grazing on the Upper Klamath,

Lower Klamath, and Clear Lake Refuges, the Service responded that the Kuchel Act precluded it from doing so." Complaint ¶ 120 (ECF No. 1 in Case No. 1:17-cv-00098-CL). WWP also alleges that FWS's "interpretation of the Kuchel Act . . . is arbitrary, capricious, an abuse of discretion, violates the law, and is reviewable under the APA, 5 U.S.C. § 706(2)(A)." *Id.* ¶ 192.

## II.  The Information Federal Defendants Seek to Claw Back is Not Covered by the Attorney-Client Privilege.

Federal defendants assert only that the attorney-client privilege covers the paragraph they seek to claw back. Motion at 3–5. The Ninth Circuit applies an eight-part test to determine whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). "The party asserting the privilege bears the burden of proving each essential element." *Id.*; *see also United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997) ("A party asserting the attorney-client privilege has the burden of establishing the relationship and the privileged nature of the communication.").

Although the attorney-client privilege is meant "to encourage full and frank communication between attorneys and their clients," *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981), "because the privilege has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose." *Fisher v. United States*, 425 U.S. 391, 403 (1976). Accordingly, the attorney-client privilege is "narrowly and strictly construed." *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989). And invocation of the attorney-client privilege by the federal government "stands squarely in conflict with the strong public interest in open and honest government." *Reed v. Baxter*, 134 F.3d 351, 356–57 (6th Cir.

1998) (citing *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 916, 920–21 (8th Cir.)).

### A.  FWS Has Not Carried its Burden to Show That the Information is Confidential.

Federal defendants argue that "[t]he inadvertently disclosed comment is legal advice provide by attorneys of the Solicitor's Office to employees of the FWS." Motion at 4. But only the first of the three sentences at issue refers to any statements by the Solicitor's Office attorneys—and, in fact, that sentence is the client's characterization of those statements, rather than statements from the attorneys themselves. *See* AR 050198. The second sentence reflects Mr. Mayer's own opinion—sometime after the meeting at which the attorneys made their statements—regarding the significance of those statements, as well as his opinion that those statements should be disclosed to the public in the agency's dissertation on the Kuchel Act in Appendix M. *See id*. The third sentence reflects Mr. Mayer's opinion regarding the practical application of the attorneys' statements to the management of the refuges. *See id*. The information in the comment is not reflected elsewhere in Appendix M nor in the CCP/EIS, and thus is crucial to the correct interpretation of the Kuchel Act—a key issue in this litigation.

Federal defendants have made no attempt to show that any of the three sentences satisfies the fourth element necessary to establish attorney-client privilege, namely that the information involves communications made in confidence, and thus have not carried their burden of showing that the privilege attaches. *See* Motion at 4–5. Confidentiality attaches to a communication for purposes of attorney-client privilege only when there is a "client's reasonable expectation that what is communicated will remain solely within the knowledge of the client, the attorney, and the necessary agents of each." *Melendres v. Arpaio*, No. CV-07-2513-PHX-GMS, 2015 WL 13649412, at *3 (D. Ariz. Apr. 2, 2015) (citing *Ruehle*, 583 F.3d at 609). "Confidentiality must be affirmatively established by the privilege proponent and is not presumed." *Id.* (citing *Weil v.*

WESTERN WATERSHEDS PROJECT'S OPPOSITION TO MOTION FOR ORDER
DIRECTING RETURN OF DOCUMENT—3

*Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981)). Yet the only argument federal defendants make about the three sentences is that "the comment qualifies for the privilege on its face," either as "legal advice"—which cannot be true of the second and third sentences—or as "attorney comments on drafts"—which is not true of *any* of the sentences. Motion at 5.

None of the sentences are confidential because it is evident from Mr. Mayer's opinions in the second sentence that he intended that the attorney statements he described in the first sentence be disclosed to the public at part of Appendix M's interpretation of the Kuchel Act. *See* AR 050198. Mr. Mayer's intent to disclose the statements to the public is consistent with the purpose of the document on which he was commenting—Appendix M's interpretation of the Kuchel Act as part of a NEPA document—because NEPA's overarching purpose is to "guarantee[ ] that the relevant information will be made available to the larger [public] audience that may also play a role in both the decisionmaking process and the implementation of that decision." *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349 (1989).

Because the communicator, Mr. Mayer, did not intend that the communications remain secret or be limited only to the receiving attorney, they were not made in confidence and therefore are not covered by the privilege. *See Ruehle*, 583 F.3d at 609 (CFO's communications with corporate counsel not "made in confidence" where purpose was to disclose information to company's outside auditors); *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003) (attorney-client privilege did not attach because there was no evidence that client recipient of memoranda written by attorney understood the memoranda to be confidential, and no such expectation was reasonable because the memoranda could be obtained under the state Open Records Act); *In re Grand Jury Proceedings*, 727 F.2d 1352, 1356 (4th Cir. 1984) ("courts have consistently refused to apply the privilege to information that the client intends his attorney to impart to others . . . or

WESTERN WATERSHEDS PROJECT'S OPPOSITION TO MOTION FOR ORDER
DIRECTING RETURN OF DOCUMENT—4

which the client intends shall be published or made known to others") (quotation omitted).

### B. FWS Waived any Attorney-Client Privilege by Disclosing the Information in Response to a FOIA Request.

Federal defendants also have not demonstrated that any privilege has not been waived, and in fact they acknowledge having done so by releasing an unredacted version of the document at issue to the public in response to a FOIA request. Motion at 7 n.3; *see* Exhibit A at 1–2.

Defendants make no effort to explain why, despite prior public disclosure of the information, any attorney-client privilege is not waived. It is "a fundamental prerequisite to assertion of the privilege" that the information was confidential at the time of the communication and that confidentiality has been maintained since. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 863 (D.C. Cir. 1980). The attorney-client privilege is waived upon the voluntary disclosure of the privileged communication to a third party. *Weil*, 647 F.2d at 24. While federal defendants assert that the prior release of the document via FOIA was inadvertent, the attorney-client privilege "may be waived . . . even if the disclosure that gave rise to the waiver was inadvertent." *Bittaker v. Woodford*, 331 F.3d 715, 720 n.4 (9th Cir. 2003) (citing *Weil*, 647 F.2d at 24); *see Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999) ("materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record"). Federal Defendants acknowledge that FWS released an unredacted version of the subject document in response to a FOIA request. Exhibit A at 1–2. Therefore, upon the release of that document under FOIA, FWS waived any attorney-client privilege.

### CONCLUSION

For these reasons, WWP respectfully requests that the Court deny the Motion. If the Court should grant the Motion, WWP respectfully requests that the Court allow WWP to retain unredacted copies of the documents subject to a protective order for purposes of appeal.

WESTERN WATERSHEDS PROJECT'S OPPOSITION TO MOTION FOR ORDER
DIRECTING RETURN OF DOCUMENT—5

Dated: March 19, 2018  Respectfully submitted,

<u>/s/ David H. Becker</u>
David H. Becker (OSB #081507)
Law Office of David H. Becker, LLC

Of Attorneys for Western Watersheds Project

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2018 I filed the foregoing document electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ David H. Becker
David H. Becker

Of Attorneys for Western Watersheds Project